UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FREDERICK LAVELLE PAINE, | ) | |
| Petitioner, | ) | 2:00-cv-1082-KJD-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This capital habeas corpus action has seen extensive discovery proceedings, over the course of more than four years (*see, e.g.,* docket #16, #33, #37, #44, #53, and #54). Almost a year ago, on March 22, 2005, the Court resolved what appeared to be the last of the issues regarding petitioner's requests for leave to conduct discovery; the Court then granted petitioner leave to serve one further subpoena (docket #54).

Approximately six months later, on October 11, 2005, the Court entered an order setting January 6, 2006, as the deadline for petitioner to complete all of the discovery authorized by the Court (docket #56). January 6 passed without any filing by any party, and discovery closed.

On March 8, 2006, petitioner filed a stipulation, signed by his counsel and counsel for respondents, agreeing to an extension of the time for petitioner to complete discovery (docket #57). The stipulation calls for the time for completion of discovery to be extended to a date sixty days from the date of the stipulation. The stipulation states that it is "based upon the need for

further time to litigate the outstanding discovery issues, in light of staffing problems in the office of the Federal Public Defender, which have left petitioner until now without a permanently-assigned lawyer."

There is no mention in the stipulation of the fact that it was filed more than two months after expiration of the time period that it seeks to extend. Under LR 6-1(b), a request for an extension of time made after expiration of the subject time period requires a showing of excusable neglect. There is no mention in the stipulation of LR 6-1(b). The general statements that there have been "staffing problems in the office of the Federal Public Defender," and that petitioner has been without a "permanently-assigned lawyer" do not amount to a showing of excusable neglect.

Moreover, the stipulation does not indicate what "outstanding discovery issues" petitioner has in mind. At this point, approximately a year after the Court resolved the last of the issues regarding petitioner's discovery motions, and more than two months after the close of discovery, there should be no further outstanding discovery issues. The last of petitioner's subpoenas should have been served *in the spring of 2005*. Over the past year, petitioner has given no indication of any dispute regarding that, or any other, discovery.

The Court will not approve the stipulation submitted by petitioner, and will not further extend the deadline for completion of discovery in this case. Discovery closed on January 6, 2006.

Petitioner's amended petition was previously ordered due on April 7, 2006 (docket #56). The Court will *sua sponte* extend by approximately 60 days the deadline for petitioner to file and serve his amended petition.

///
///
///
///
///

1 **IT IS THEREFORE ORDERED** that the "Stipulation and Order for Extension of Discovery Cut-Off Date" (docket #57) **SHALL NOT BE APPROVED BY THE COURT**.

**IT IS FURTHER ORDERED** that the time for petitioner to file and serve an amended petition is extended to and including **June 16, 2006.**

**IT IS FURTHER ORDERED** that in all other respects the Second Scheduling Order, entered in this case on April 20, 2001 (docket #12) shall remain in effect.

DATED March 10, 2006.

_____
UNITED STATES DISTRICT JUDGE