1   Federal Public Defender
    Nevada Bar No. 11479
2   TIFFANI D. HURST
    Assistant Federal Public Defender
3   Illinois Bar No. 6278909
    tiffani_hurst@fd.org
4   RANDY FIEDLER
    Assistant Federl Public Defender
5   Nevada Bar No. 12577
    randy_fiedler@fd.org
6   SANDI Y. CIEL
    Assistant Federal Public Defender
7   California Bar No. 292946
    sandi_ciel@fd.org
8   411 E. Bonneville Ave., Ste 250
    Las Vegas, Nevada 89101
9   (702) 388-6577
    (Fax) 388-5819
10
    Attorneys for Petitioner
11
                    UNITED STATES DISTRICT COURT
12                       DISTRICT OF NEVADA

13  FREDERICK LAVELLE PAINE,          Case No. 2:00-cv-1082-MMD-VCF

14              Petitioner,

15  vs.                               Motion for leave to file a surreply
                                      or, in the alternative, to deem
16                                    arguments raised for the first
    RENEE BAKER, et al.,              time in Respondents' reply to Mr.
17                                    Paine's opposition to
                Respondents.         Respondent's motion to dismiss
18                                    be waived

19

20       Petitioner Frederick Lavelle Paine moves this Court for leave to file

21  a surreply to address new arguments that Respondents raised in its reply

22  to Mr. Paine's opposition to their motion to dismiss. This motion is made

23  / / /

24  / / /

25  / / /

26

27

28

1   and based on the following points and authorities and the entire file

2   herein.

3        DATED this 15th day of June, 2015.

4                                          RENE VALLADARES
                                           Federal Public Defender
5

6                                          /s/ Tiffani D. Hurst
7                                          TIFFANI D. HURST
                                           Assistant Federal Public Defender
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Points and Authorities

Mr. Paine moves this Court for leave to file a surreply to address new arguments that Respondents raised in its reply to Mr. Paine's opposition to their motion to dismiss or, in the alternative, for this Court to deem that Respondents waived these new arguments by failing to raise them in their motion to dismiss. Claims One through Three of the current petition allege errors that occurred during Mr. Paine's 2012 sentencing hearing; Claim Four alleges that this Court must consider the errors in Claims One through Three cumulatively; and Claim Five alleges errors that occurred in connection with Mr. Paine's August 17, 1990 guilty plea. In their motion to dismiss, Respondents argued that Claim Five is unexhausted. Respondents also argued that Claims One through Four are procedurally barred <u>inter alia</u> because they were not filed within one year of the June 20, 2012, judgment, despite that the judgment was amended on July 5, 2012, and Mr. Paine filed a petition within one year of the later date. In his opposition to Respondent's motion to dismiss, Mr. Paine refutes these arguments.

In reply to Mr. Paine's opposition, Respondents raise <u>new</u> arguments: (1) that <u>federal</u> pleadings reveal that undersigned counsel was aware that an <u>initial</u> <u>state</u> post-conviction petition had to be filed within one year of the June 20, 2012, judgment, and that this knowledge should be imputed to Mr. Paine; and (2) that Claim Five is untimely and procedurally barred. ECF 169 at 2. Because Respondents raise new bases for this Court to dismiss Mr. Paine's petition, Mr. Paine requests this Court's permission to file the attached surreply, since he has had no prior chance to confront these arguments. <u>See</u> <u>Lewis v. Rumsfeld</u>, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to

contest matters presented to the court for the first time in the opposing party's reply."); See also United States v. Sum of $70,990,605, 4 F. Supp. 2d 209, 215 (D.D.C. 2014) (same). The first ten pages of Mr. Paine's surreply address Respondents' new arguments: that federal counsel's knowledge should be imputed to Mr. Paine, despite that counsel did not represent Mr. Paine during his initial state post-conviction proceedings; that Mr. Paine's pro per federal petition was untimely; and that Claim Five does not relate back to Mr. Paine's pro per federal petition. See Ex. 1 Surreply at 4-14. Further, because Mr. Paine's case was originally a death penalty case filed in 2000, Mr. Paine was required to include a 38-page equitable tolling argument; this argument is necessary to explain how the standard procedure followed in death penalty cases, set forth in the Chief Judge Lloyd George Memorandum, led Mr. Paine, Respondents and this Court to believe that Mr. Paine's amended petition would be deemed timely. See Ex 1 (Surreply) at 14-52. Finally, Mr. Paine was required, in his final 22-pages, to explain why he can excuse any procedural default applicable to Claim Five pursuant to Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc) and Martinez v. Ryan, 132 U.S. 1309 (2012), which require a detailed argument explaining how initial post-conviction counsel was ineffective, and why Mr. Paine's underlying claim is substantial. See Ex 1 (Surreply) at 52-76.

The United States District Court of Nevada Local Rules neither permit nor prohibit the filing of a surreply in this context. See Local Rule 7-2. In the absence of specific rules to the contrary, this Court has the inherent authority to allow surreply briefs. See Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1163-64 (10th Cir. 1998) ("In the absence of a specific federal rule, the Federal Rules of Civil Procedure permit federal judges to regulate practice 'in any manner consistent with federal

1    law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of
2    the district.'" (quoting Fed. R. Civ. P. 83(b)).

3      While surreplies are disfavored, courts in this district "routinely
4    interpret Local Rule 7–2 to allow filing of surreplies only by leave of court,
5    and only to address new matters raised in a reply to which a party would
6    otherwise be unable to respond." FNBN-RESCON I LLC v. Ritter, No.
7    2:11-CV-1867-JAD-VCF, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014)
8    (quotation omitted); accord John Bordynuik Inc. v. JBI, Inc., No.
9    2:13-CV-01463-RFB, 2015 WL 153439, at *4 (D. Nev. Jan. 13, 2015);
10    Kanvick v. City of Reno, No. 3:06-CV-00058-RAM, 2008 WL 873085, at *1
11    (D. Nev. Mar. 27, 2008), aff'd sub nom. Kanvick v. Reno City Police, 339 F.
12    App'x 745 (9th Cir. 2009).

13      Mr. Paine respectfully requests that this Court grant him leave to
14    file a surreply addressing the new issues raised by Respondents. The
15    proposed surreply is attached to this motion as Exhibit 1.

16      In the alternative, Mr. Paine respectfully requests that this Court
17    deem Respondents' new arguments waived. It is inappropriate in the first
18    instance for Respondents to raise new arguments and allegations in its
19    reply that were not raised in its motion to dismiss. Respondents have
20    waived these arguments and this Court should refuse to consider them,
21    thereby rendering Mr. Paine's surreply moot. See In re Fosamax Prods.
22    Liab.Litig., 751 F.3d 150, 156-57 (3d Cir. 2014) ("We have consistently
23    held that '[a]n issue is waived unless a party raises it in its opening brief,
24    and for those purposes a passing reference to an issue ... will not suffice to
25    bring that issue before this court.'") (quoting Ethypharm S.A. France v.
26    Abbott Labs., 707 F.3d 223, 231 n. 13 (3d Cir. 2013) and Laborers' Int'l
27    Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d
28    Cir.1994)); see also U.S. ex. Rel. Meyer v. Horizon Health Corp., 565 F.3d

1195, 1198 n.1 (9th Cir. 2009) ("new theory, first raised in . . . reply brief, is waived").

DATED this 15th day of June, 2015.

RENE L. VALLADARES
Federal Public Defender

/s/ Tiffani D. Hurst
TIFFANI D. HURST
Assistant Federal Public Defender

Attorney for Petitioner

6

CERTIFICATE OF ELECTRONIC FILING

In accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the undersigned hereby certifies that on the 15th day of June, 2015, a true and correct copy of the Motion for leave to file a surreply or, in the alternative, to deem arguments raised for the first time in Respondents' reply to Mr. Paine's opposition to Respondent's motion to dismiss be waived, was served by the United States District Court, CM/ECF electronic filing system to:

Karen A. Whelan
Deputy Attorney General
Kwhelan@ag.nv.gov

/s/ Felicia Darensbourg
An employee of the Federal Public Defender